UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BILLIE JO DIEL,

       Plaintiff,

v.

                             CASE No. 8:11-CV-1994-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

_____

ORDER

       The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, the decision will be affirmed.

I.

       The plaintiff, who was thirty-seven years old at the time of the administrative hearing and who has an eleventh-grade education, has worked

_____

     ·The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

as a bartender, retail salesperson, mailroom worker, server and receptionist (Tr. 23, 32, 33, 151). She filed claims for Social Security disability benefits and supplemental security income, alleging that she became disabled due to bipolar disorder and three herniated discs in her neck (Tr. 150). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. During the hearing, she amended her disability onset date to January 1, 2007, since she had been working in 2006 (Tr. 54). The law judge found that the plaintiff had severe impairments of "history of lumbar spine bulging and dessication of discs, and bipolar disorder with post traumatic stress disorder (PTSD) symptoms and anxiety" (Tr. 18). He further found that the plaintiff's headaches do not create more than minimal limitations on her ability to function and, therefore, are not severe (id.). The law judge concluded that, despite the plaintiff's impairments, she can perform light work, as defined in 20 C.F.R. 404.1567(b) and 416.967(b) with the following restrictions (Tr. 20):

> She can occasionally climb long ladders. Moreover, the claimant should avoid extreme temperatures and vibrations. She is limited to understanding and carrying out no more than semi-

skilled instructions.  She is able to cooperate and make appropriate work decisions, but without significant interpersonal responsibilities.

Based upon the testimony of a vocational expert, the law judge found that the plaintiff is capable of performing all of her past relevant work (Tr. 23, 56). The law judge therefore ruled that the plaintiff was not disabled (Tr. 24). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. 423(d)(3), 1382c(a)(3)(D).  The Act provides further that a claimant is not disabled if

-3-

she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by

-4-

substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff's argument is broadly titled, "The Commissioner failed to fully and adequately consider all of the plaintiff's impairments, and by doing so then failed adequately [to] consider the responses of the vocational expert" (Doc. 22, p. 5). However, the thrust of the plaintiff's sole contention is that the law judge found erroneously that the plaintiff's headaches were a non-severe impairment and, consequently, he failed to include in the plaintiff's residual functional capacity a need to lie down for several hours to relieve the headaches, which would have rendered her

disabled from working. The plaintiff's contention is unmeritorious, as the law judge gave a comprehensive and reasonable explanation for rejecting the plaintiff's claim of severe headaches, and that explanation is supported by substantial evidence.

The regulations define a non-severe impairment as one that "does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. 404.1521(a). The court of appeals has stated that "an impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). The law judge expressly acknowledged this standard in his decision (Tr. 16).

The law judge recounted in his decision the plaintiff's testimony that she has experienced headaches since 2003 due to temporomandibular joint disorder, and that the medication Topamax relieves the headache pain (Tr. 18). Further, the law judge stated (id.):

> Dr. [Larry D.] Canton prescribed this medication
> and has treated the claimant for complaints of

> headaches, but no significant examination findings
> were noted. Generally, the claimant requested
> medication refills and Dr. Canton prescribed those
> refills (Exhibits 3F, 10F, 16F).  Moreover, the
> record shows that the claimant worked with this
> condition and there is very little, if any, evidence
> of worsening since the alleged onset date. This
> minimal evidence shows the claimant's headaches
> do not create more than minimal limitations on her
> ability to function, and, therefore, the undersigned
> finds that they are not severe.

The law judge's explanation for finding headaches to be a non-severe

impairment is adequate, and supported by substantial evidence.

The record shows that the plaintiff, prompted by pain after she

fell in a restaurant, went to the TMJ and Facial Pain Center in 2003 with

complaints of severe headaches (see Tr. 235, 239-41).  Dentist Melvin H.

Cohen diagnosed the plaintiff as suffering from temporomandibular (TMJ)

disorder and prescribed non-surgical treatment (Tr. 243).  The plaintiff also

received from a physician Topamax for headaches (Tr. 260).

However, since January 2007, the onset date of the plaintiff's

claimed disability (Tr. 54), the plaintiff has made only intermittent

complaints of headaches to medical providers.  For example, although the

plaintiff had more than two dozen appointments with her treating physician,

Dr. Canton, since her alleged disability onset date, there are only two express complaints of headaches in his treatment notes (see Tr. 600, 609). Plaintiff's counsel attempts to minimize the significance of this circumstance by speculating that the plaintiff "perhaps [saw it] as futile and redundant to complain of the same problem time after time" (Doc. 22, p. 8), but there is no evidence in the record to that effect.

Further, the law judge correctly stated that the records of Dr. Canton contain no significant findings regarding the plaintiff's headaches. Thus, as the Commissioner points out, Dr. Canton's treatment records consist primarily of checklist examinations, cursory notations of the plaintiff's requests for medication refills, and the granting of those requests (see, e.g., Tr. 584-605). Significantly, the record contains no opinion from Dr. Canton, or any other physician, indicating that the plaintiff's headaches cause functional limitations.   To the contrary, the only functional limitation imposed by Dr. Canton was for the plaintiff to "[b]e careful with heavy lifting, straining, pushing, pulling or twisting" (see, e.g., Tr. 585, 597). Significantly, even this cautionary statement is not expressly attributed to the plaintiff's headaches, but appears to be related to the plaintiff's neck and

back pain (see id.). Additionally, the consulting physical examiner and the non-examining reviewing physician do not attribute any functional limitations to the plaintiff's headaches (see Tr. 650-52, 692-99).[2] In sum, there is ample support for the law judge's finding that the record lacks medical evidence substantiating the claimed severity of the plaintiff's headaches.

Furthermore, in rejecting the plaintiff's contention that her headaches are a severe impairment, the law judge also appropriately considered that the plaintiff continued to work despite her headaches. See Ellison v. Barnhart, 355 F.3d 1272, 1275-76 (11th Cir. 2003)(proper to consider that the plaintiff continued to work despite an impairment in determining whether the plaintiff was disabled). Thus, despite the plaintiff's complaints to medical providers in June 2006 that she was experiencing severe headaches on a daily basis (see, e.g., Tr. 437; see also Tr. 441), the plaintiff engaged in substantial gainful work activity from June 1, 2006, to December 31, 2006 (see Tr. 17, 54-55). Absent evidence that the plaintiff's

---

[2]Notably, the plaintiff did not complain of headaches to the consulting physical examiner (see Tr. 650), nor did she mention headaches to the consulting psychologist, whom she told that she suffers from chronic pain related to three herniated discs in her back (Tr. 659).

headaches worsened since her claimed disability onset date, this circumstance strongly supports the conclusion that the plaintiff's headaches are a non-severe impairment, as the plaintiff's ability to maintain a job despite her headaches shows that she was not significantly limited by this impairment. See 20 C.F.R. 404.1521(a); Dixon v. Barnhart, 151 Fed. Appx. 810, 812 (11th Cir. 2005)(unpub. dec.), cert. denied, 547 U.S. 1027 (2006). Notably, not only does the record lack evidence of worsening headaches, there is evidence that the plaintiff's headaches are less frequent than when she was working in 2006 (compare Tr. 437 (2006: "daily/severe" headaches) with Tr. 46 (2011: seven headaches per month).[3] Therefore, the plaintiff's continued employment when she was suffering from headaches also supports the law judge's conclusion that her headaches were not a severe impairment.

---

[3]Lacking evidence of worsening headaches, the plaintiff argues that TMJ disorder is a "progressive" condition (Doc. 22, p. 7, citing Tr. 233). However, that general comment is contained in an information sheet for TMJ treatment; it does not reflect the plaintiff's condition.

The plaintiff also cites in a conclusory manner to her chiropractor's report that she suffers from injured tissues which makes her subject to exacerbations (Doc. 22, p. 7). However, this refers to the plaintiff's paraspinal soft tissues (Tr. 361), not TMJ, which is allegedly the cause of her headaches.

The plaintiff argues that the law judge "seriously understates [her] headache condition" (Doc. 22, p. 7). In this regard, the plaintiff argues weakly that the plaintiff's diagnosis and treatment of a TMJ disorder by a dentist in 2003 "seems to undermine the significance of the Commissioner's assertion that Dr. Canton had noted no significant examination findings" (id.). This contention is meritless, because Dr. Canton's treatment notes speak for themselves, and "the mere diagnosis of [a condition] ... says nothing about the severity of the condition." Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). Thus, "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work." Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th Cir. 2005), quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986); see also Moore v. Barnhart, 405 F.3d 1208, 1213 n. 6 (11th Cir. 2005). As indicated, the plaintiff has not identified any medical records showing the effect of her TMJ disorder or headaches on her ability to work. Therefore, the plaintiff's diagnosis of a TMJ disorder is, in itself, insufficient to show that the plaintiff's headaches constitute a severe impairment.

-11-

The other pieces of evidence relied upon by the plaintiff are her subjective complaints of headaches to medical providers, and her testimony at the administrative hearing (Doc. 22, pp. 7-8). In particular, she emphasizes her hearing testimony that she suffers from migraine-like headaches seven times per month, which subside four hours after taking Topamax and having a nap (id., p. 7; see Tr. 46). However, the plaintiff's subjective allegations did not compel the law judge to conclude her headaches were a severe impairment because the law judge did not find the plaintiff fully credible.

Thus, the law judge found the plaintiff's credibility was "poor," and he rejected her subjective complaints to the extent they exceeded the residual functional capacity (Tr. 20-21, 23). Therefore, the law judge was not required to accept the plaintiff's discredited subjective allegations of pain and functional limitations caused by headaches in determining whether her headaches were a severe impairment. Cf. Petteway v. Commissioner of Social Security, 353 Fed. Appx. 287, 290 (11th Cir. 2009)(law judge is not required to include in a hypothetical question the plaintiff's subjective complaints that he did not find credible).

Significantly, the plaintiff makes no challenge to the law judge's credibility determination. The scheduling Order warned the plaintiff that she "must identify with particularity the discrete grounds upon which the administrative decision is being challenged" and those grounds "must be supported by citations to the record of the pertinent facts and by citations of the governing legal standards" (Doc. 14, p. 2). The plaintiff's memorandum does not purport to challenge the credibility determination, nor does it identify the legal standards governing credibility determinations or cite to record evidence that is contrary to the credibility determination. Therefore, any credibility challenge is abandoned. Nevertheless, a challenge to the law judge's credibility determination in this case would be meritless.

In this case, the law judge referred to the pertinent regulations and Social Security rulings governing the assessment of subjective complaints (Tr. 20), which demonstrates that the law judge applied the proper standards. See Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002). The law judge found that, although the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms, "the [plaintiff's] statements concerning the intensity, persistence

-13-

and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above residual functional capacity assessment" (Tr. 20-21).

The law judge then gave a cogent and comprehensive explanation for his determination (Tr. 20-23). Thus, the law judge discussed, in detail, that the plaintiff's allegations of disabling pain and limitations from her physical impairments are not supported by diagnostic testing or physical examinations, which consist primarily of benign findings (Tr. 21, 23). Further, the law judge stated that the plaintiff's treatment history with Dr. Canton does not support her subjective complaints, either (Tr. 21). Moreover, the law judge also cited to non-medical evidence in support of his conclusion that the plaintiff exaggerated her symptoms and restrictions (Tr. 22). The law judge pointed, in addition, to the opinion of the consulting psychologist that the plaintiff was possibly malingering (Tr. 22, 23; see Tr. 658).

These reasons are adequate for discounting the plaintiff's credibility. See Heppell-Libsansky v. Commissioner of Social Security, 170 Fed.Appx. 693, 699 (11th Cir. 2006). Further, they are supported by

substantial evidence and the plaintiff, as indicated, has made no attempt to challenge that determination.

In sum, the evidence does not compel a finding that the plaintiff's headaches impose functional limitations and are therefore a severe impairment. <u>Adefemi</u> v. <u>Ashcroft, supra</u>. Accordingly, the law judge did not err in excluding from the residual functional capacity a limitation based upon headaches, and the law judge did not wrongfully ignore the vocational expert's testimony that a person who needed to lie down during the workday due to headaches could not be gainfully employed. <u>See</u> <u>Petteway</u> v. <u>Commissioner of Social Security, supra</u>, 353 Fed. Appx. at 290; <u>Heppell-Libsansky</u> v. <u>Commissioner of Social Security, supra</u>, 170 Fed. Appx. at 699 (the law judge does not need to include in the pertinent hypothetical question alleged functional limitations that the law judge does not find credible).

Finally, the plaintiff alleges that the law judge improperly limited her representative's questioning of the vocational expert at the administrative hearing, in violation of her due process rights (Doc. 22, pp. 11-12). Specifically, the plaintiff argues that the law judge precluded her

hearing representative from making a "more specific inquiry" of the vocational expert regarding the effects of the plaintiff's alleged need to lie down when she has a headache (id., p. 11).

This contention is patently meritless. In the first place, the law judge appropriately limited the questioning on this point because it was cumulative. Moreover, the answer to the question would be irrelevant since the question would not reflect the plaintiff's residual functional capacity.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED. The Clerk shall enter judgment accordingly and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this ⁶ᵗʰ day of August. 2012.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE